IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00170-REB-KLM

JOSE LUIS SANCHEZ-HERNANDEZ,

    Applicant,

v.

J.M. WILNER, Warden, FCI Florence,

    Respondent.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on *pro se* Applicant's **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [Docket No. 2; Filed January 28, 2009] (the "Application"). Respondent filed a Return to Application for Writ of Habeas Corpus [Docket No. 15; Filed June 29, 2009] (the "Response"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C(3), the Application has been referred to this Court for a Recommendation. The Court has reviewed the entire case file, the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Application be **DENIED**.

        **I.**        **Factual Background**

    On January 28, 2009, the date when the Application was filed, Applicant was a federal prisoner incarcerated at the Federal Correctional Institution in Florence, Colorado ("FCI-Florence"). *Application* [#2] at 6. He was in federal custody for violating 8 U.S.C. §

1

1326(b), illegally re-entering the United States after deportation. *Id.*

On December 19, 2006, Applicant was arrested by state authorities in Sonoma County, California for a state offense of perjury and was charged in Sonoma County Superior Court. *Response* [#15] Ex. A2 at ¶ 3; Attach. 1 at ¶ 7. On April 5, 2007, Applicant was charged in the United States District Court for the Northern District of California with illegal re-entry. *Id.* Ex. A2 at ¶ 4 and Attach. 3. On April 20, 2007, a Writ of Habeas Corpus Ad Prosequendum was issued requiring Applicant to appear in the United States District Court for the Northern District of California. *Id.* Ex. A2 at ¶ 5; Attach. 4.

On May 14, 2007, Applicant pled guilty to perjury in Sonoma County Superior Court and was sentenced the same day to a one-year term of confinement to be served <u>consecutively</u> to any pending federal case. *Id.* Ex. A2 at Attach. 1 at ¶ 47; Attach. 5, 6. The Applicant had spent one hundred and forty seven days, from December 19, 2006 to May 14, 2007, in state presentence custody. *Id.* Ex. A2 at ¶ 6. California authorities applied this time, and seventy-two days for good conduct, to his state sentence. *Id.* Ex. A2 Attach. 5; Ex. A1 at Attach. 2; *Application* [#2] at 28.

Applicant was transferred to federal custody on May 29, 2007. *Response* [#15] Ex. A2 at ¶ 7. On July 12, 2007, Applicant pled guilty to illegal re-entry in the United States District Court for the Northern District of California. *Id.* Ex. A2 at Attach. 1 at ¶ 12. On August 20, 2007, while in federal custody, Applicant completed the one-year state sentence (less the time spent in presentence custody and good conduct time). *Id.* Ex. A2 at ¶ 8; Attach. 2. On October 18, 2007, Applicant was sentenced to a thirty-three month term of confinement for illegal re-entry. *Id.* Ex. A2 at ¶ 9; Attach. 8 at 2.

The Bureau of Prisons ("BOP") prepared a sentence computation for Applicant

2

based on his thirty-three month term of imprisonment beginning on October 18, 2007. *Id.* Ex. A2 at ¶ 12; Attach. 11. The computation credited Applicant with fifty-eight days of prior custody credit, from August 21, 2007 to October 17, 2007, for his time spent in federal custody after the completion of his state sentence. *Id.* Based on this calculation and good conduct time, Applicant's release date was January 11, 2010. *Id.* Applicant was deported to Mexico by Immigration and Customs Enforcement on January 12, 2010. *Status Report* [# 26] Declaration of Tammy Danko.

In the Application, Applicant raises one claim for habeas relief, namely that his federal sentence should have been credited with eighty-four days of jail time served in federal prison prior to his federal conviction. *Application* [#2] at 6-8. Pursuant to United States Sentencing Commission Guidelines § 5G1.3(b)(1), Applicant requests that Respondent adjust Applicant's thirty-three month prison sentence downward by eighty-four days, the time accrued between May 29, 2007 and August 21, 2007. *Id.* at 5. To support his claim, Applicant argues that because his state sentence was suspended, the start of his federal sentence was May 29, 2007. *Id.* at 18-28. Respondent contends that the eighty-four days of federal jail time were credited to Applicant's state sentence, which contrary to Applicant's assertions, was not suspended. *Response* [#15] at 6-13. Therefore, Respondent argues, Applicant is not entitled to an adjustment in his federal sentence. *Id.*

## II.     Standard of Review

Applicant is challenging the execution of his federal sentence pursuant to 28 U.S.C. § 2241. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Because Applicant is proceeding *pro se*, the Court must construe his Application liberally. *Haines v. Kerner*, 404

U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In this regard, the Court should carefully weigh the need for Applicant to present constitutional claims against any procedural defects caused by Applicant's *pro se* status. *See Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993). However, the Court is not the nonmoving party's advocate and must nevertheless deny an application that is based on vague or conclusory allegations. *Hall*, 935 F.3d at 1110.

### III. Analysis

#### A. Mootness

Because Applicant has been released from custody and deported to Mexico, this case may be moot. This court has no jurisdiction to consider moot cases, that is, cases in which "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (citation omitted). Mootness is an issue of subject matter jurisdiction, which can be raised at any stage of the proceedings. *Kennedy v. Lubar*, 273 F.3d 1293, 1301-02 (10th Cir. 2001). The Court may consider the question of subject matter jurisdiction *sua sponte* at any time. *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988); *Smith v. Krieger*, 643 F.Supp.2d 1274, 1293 n.6 (D. Colo. 2009).

A claim may become moot at any point in the controversy and deprive the Court of authority to decide questions which had previously been at issue. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990). It is not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome." *McLendon v. City of Albuquerque,* 100 F.3d 863, 868 (10th Cir. 1996). A case is moot if events "make it impossible for the court to grant any effectual relief whatever to a prevailing

4

party." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1002) (internal quotations omitted). The Court will not dismiss a case as moot if: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) (citations omitted).

"The writ of habeas corpus shall not extend to a prisoner unless [h]e is in custody." 28 U.S.C. § 2241(c)(1). The fact that an inmate is no longer in custody does not automatically moot his application if he was in custody at the time of filing the application. *Riley*, 310 F.3d at 1256. When an inmate is released from custody after a habeas application has been filed, the question is whether the application still presents the court with a case and controversy, as required under Article III, § 2 of the U.S. Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Once a sentence has been completed, some "collateral consequence" of the conviction must exist for the suit not to be considered moot. *Id.* For example, "[w]hen a defendant challenges a parole revocation but has completed the sentence imposed upon revocation, the defendant bears the burden of demonstrating actual collateral consequences resulting from the revocation." *United States v. Meyers*, 200 F.3d 715, 722 (10th Cir. 2000).

Although not raised by Applicant, the Court will consider whether the "wrongs" alleged by Applicant are capable of repetition but evading review, and thus whether an exception to the mootness doctrine applies to his claims. The doctrine only applies in exceptional circumstances where two narrow conditions are present: "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and

5

(2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Id.* at 17 (citations omitted). Both conditions must be satisfied to apply the exception. *Id.*

I find that the exception does not apply because Applicant has not demonstrated both conditions are present in this case. Because he has not filed a Traverse, Applicant has not demonstrated that he will continue to suffer serious collateral injury. Nor can the Court identify any continuing injury related to Applicant's claim, which is limited to whether he was properly credited for previous time served in federal prison such that his release date should have occurred sooner. Further, the alleged injury does not appear to be capable of repetition because Applicant served his full term and was released without supervision or condition. Simply, "[b]ecause [Applicant] has already been released from custody, there is nothing for [the Court] to remedy. 'Mootness, however it may have come about, simply deprives [the Court] of [its] power to act.' The federal courts 'are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.'" *Holley v. Andraschko,* 80 Fed. Appx. 614, 615 (10th Cir. 2003) (quoting *Spencer*, 523 U.S. at 18).

Accordingly, since Applicant's release provided him with the remedy that he seeks and cures his claimed injury, this claim is moot. *See Hawkins v. Lawrence*, 66 Fed. Apex. 161, 162 (10th Cir. Apr. 23, 2003) (unpublished decision) (holding that where the relief request in the application has already been provided, there is "no longer any controversy to resolve"). However, despite this finding of mootness, the Court will considers the merits of the Application.

  **B.**  **Merits**

6

### 1. Credit for Time Served

Plaintiff argues that the time he spent in federal custody, beginning with his transfer into federal custody on May 29, 2007, and ending on August 20, 2007 when his state sentence ended, should be credited to his federal sentence. "The computation of a federal sentence requires consideration of two separate issues. Initially, [the Court] determine[s] the commencement date of the federal sentence and then turn[s] to the extent to which a defendant can receive credit for time spent in custody prior to commencement of sentence." *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006) (citing *Weekes v. Fleming,* 301 F.3d 1175, 1179 (10th Cir. 2002)).

Pursuant to 18 U.S.C. § 3585(a), "[a] sentence of a term of imprisonment commences on the date the [applicant] is received into custody awaiting transportation to, or arrives voluntarily to commence service of sentence at the official detention facility at which the sentence is to be served." A federal sentence commences on the date of imposition. BOP Program Statement 5880.28, *Sentence Computation Manual* (CCCA of 1984). Therefore, Applicant's federal sentence commenced on the date it was imposed on October 18, 2007 while Applicant was in federal custody awaiting transportation to the facility at which the sentence was to be served. *Response* [# 15] Ex. A2 at ¶¶ 7, 9.

18 U.S.C. § 3585(b), which governs prior custody credits, provides as follows:

> An [applicant] shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the [applicant] was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

7

An inmate is given credit for time spent in official detention prior to the date the sentence commences only if the time has not already been credited against another sentence. *Id.*; *United States v. Wilson*, 503 U.S. 329, 337 (1992) ("Congress made clear [in enacting 3585(b)] that an [applicant] could not receive a double credit for his detention time."); BOP Program Statement 5880.28 (an inmate is precluded from the application of credit for time spent serving another sentence, or for time already credited against another sentence).

Applicant asserts that his federal sentence commenced when he was taken to federal custody because his state sentence was suspended. He has provided a copy of the Sonoma County sentencing minutes that show "1 year suspended" written on the Jail Section line. *Application* [#2] at 27. However, a certified copy of the criminal docket, obtained from the County of Sonoma courthouse, shows that Applicant was sentenced to serve one year in jail. *Response* [# 15] Ex. A1 at Attach 2. Every copy of the sentencing minutes and the criminal docket shows that Applicant's state sentence was not suspended and it was to be served consecutive to any pending federal sentence. *Id.* Ex. A1 at Attach 1, 2; Ex. A2 at ¶ 6 at Attach. 5; *Application* [#2] at 28. I find that Applicant's state sentence was not suspended and was properly served to completion in federal custody.

The time period between May 29, 2007 and August 20, 2007, eighty-four days, was properly credited to Applicant's state sentence. The federal sentence commenced on October 18, 2007, the date it was imposed by the court. Applicant received credit for time served in federal custody from August 21, 2007 to October 17, 2007. Applicant cannot receive credit when the credit has already been applied to the state sentence. 18 U.S.C. 3585(c). *See Wilson*, 503 U.S. at 337; *see also e.g., Azure,* 2004 WL 613840 (affirming district court's finding that 3585(b) "prohibits credit for pre-sentencing confinement if that

8

time was applied to a previously-imposed sentence"); *O'Bryan v. Wiley*, No. 07-1328, 2008 WL 15519 (10th Cir. Jan. 17, 2008) (affirming district court's finding that prisoner was not entitled to prior custody credit on time already credited against previous sentences).

Therefore, I find that Applicant was not entitled to eighty-four days of additional credit for the time he spent in federal custody serving a state sentence prior to the imposition of his federal sentence.

### 2. United States Sentencing Guidelines

Applicant asserts that he is entitled to eighty four days of credit based on § 5G1.3(b)(1) of the United States Sentencing Guidelines which states: "the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." *Application* [#2] at 5-8, 10.

§ 5G1.3(b)(1) does not apply here. § 5G1.3(b)(1) applies "when the [applicant] is prosecuted in both federal and state court for the same course of conduct and the conduct prosecuted by the state had been taken into account under the federal sentencing guidelines as relevant conduct." *United States v. Moyer*, 282 F.3d 1311, 1317 (10th Cir. 2002). Applicant's state sentence was based on a perjury conviction. *Response* [# 15] Ex. A2 at ¶ 6; Attach. 1 at ¶ 47). His federal sentence was imposed pursuant to a conviction for illegal re-entry. *Id.* Ex. A2 at ¶ 9; Attach. 8 at 1). The charges were unrelated and there is no indication that the state offense was relevant conduct for the federal sentence. Moreover, only the federal sentencing court can, at the time of sentencing, adjust a prisoner's sentence pursuant to § 5G1.3(b)(1). § 5G1.3(b)(1) does not authorize the district courts to calculate sentencing credits post-judgment. *Vizcarra-Hernandez v. Wilner*, No.

08-cv-00400, 2008 WL 5054569, at *3 (D. Colo. Nov. 21, 2008). Applicant's reliance on the Sentencing Guidelines in support of his claim is without merit.

### IV.     Conclusion

As set forth above, I respectfully **RECOMMEND** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED** and that this case be **DISMISSED with prejudice**.

IT IS FURTHER **RECOMMENDED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: September 24, 2010

                                                        BY THE COURT:
                                                        /s/ Kristen L. Mix
                                                        U.S. Magistrate Judge
                                                        Kristen L. Mix